**UNITED STATES of America ex rel. John J. STARSHAK, Jr., Petitioner-Appellant,**

v.

**Custodians, Major Rollin G. GILLEN and Stanley Resor, Respondents-Appellees.**

**No. 71–1076.**

United States Court of Appeals, Seventh Circuit.

Jan. 4, 1972.

Sidney Ezra, Chicago, Ill., for petitioner-appellant.

James R. Thompson, U. S. Atty., Theodore T. Scudder, Asst. U. S. Atty., William J. Bauer, U. S. Atty., Chicago, Ill., for respondents-appellees; John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before FAIRCHILD, PELL and SPRECHER, Circuit Judges.

PER CURIAM.

Appellant appealed from the order of January 27, 1971, denying a temporary restraining order and dismissing his petition for writ of habeas corpus.

The petition challenged custody of appellant in the armed forces, following his induction on January 27, 1971. The petition alleged that appellant was classified I-A on February 12, 1970; that he and his employer appealed; that the local board refused to reopen and the appeal board retained the I-A classification; that the boards had no basis in fact for refusing to grant him a II-A occupational deferment. Copies of portions of letters of his employer requesting an occupational deferment and describing his work were attached.

Appellant's counsel and counsel for the government appeared before the district court January 27, 1971. Because of the exigencies of time the government filed no formal response and did not produce appellant's selective service file. After a brief colloquy the court indicated its belief that there is an adequate supply of people who could replace appellant at his particular job, and entered the order appealed from. Appellant no longer urges that denial of temporary relief was error or an abuse of discretion, but argues that it was error to dismiss his petition.

28 U.S.C. § 2243 requires that a judge entertaining an application for a writ of habeas corpus shall issue an order to show cause unless it appears from the application that the applicant is not entitled to a writ. This petition alleged that there was no basis in fact for denying the classification requested. Without expressing any opinion on the ultimate outcome, but bearing in mind the severe limitations upon the availability to a registrant of judicial review, we think that the law and orderly procedure required that an order to show cause be issued, and, assuming that the government relied upon the selective service file in its return, that the court address itself to the question whether the file showed a basis in fact for the board's action.

Insofar as the order appealed from dismissed the petition for writ of habeas corpus, it is reversed, and the cause is remanded for further proceedings consistent with this opinion.